**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| EITAN SOBEL, M.D., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case 08-4001-SAC |
| | ) |
| COLMERY-O'NEIL VA | ) |
| MEDICAL CENTER, | ) |
| | ) |
| | ) |
| Defendant. | ) |

**ORDER**

This matter comes before the court upon plaintiff's Motion for Discovery (Doc. 7), Motion for Extension of Response to the Two Motions Filed by Eric F. Melgren, United State[s] of America Attorney on February 11, 2008 (Doc. 10), Motion for Notification by Email and Fax of any Filing of New Documents with the US Court Clerk (Doc. 13), Motion to Change Original Petition (Doc. 14) and Motion for Starting the Process of Serving Summonses to the United State[s] of America (Doc. 15) and defendant's Motion to Strike plaintiff's Motion for Discovery (Doc. 9).

**I.  Plaintiff's Motion for Discovery (Doc. 7) and defendant's Motion to Strike Plaintiff's Motion for Discovery (Doc. 9).**

Fed. R. Civ. P. 26(d) provides in relevant part "[A] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)." The parties have not held their conference as required by Rule 26(f) and, as such, plaintiff's Motion for Discovery is premature and shall be denied without prejudice. Once the court has set the parties' Rule 26(f) planning conference, and they have conferred, the parties may commence discovery after that date. Should plaintiff wish to seek the discovery he has articulated in his present motion, he must follow the Federal Rules of Civil Procedure, and the local rules, obtainable on the District's website. To the

extent defendant seeks to strike plaintiff's motion, such a ruling is moot, as the court has denied plaintiff's motion.

## II. Plaintiff's Remaining Motions

Pursuant to D. Kan. Rule 6.1(d), the time period for defendant to file a response to plaintiff's other pending motions has passed.[1] Normally, "[t]he failure to file a brief or response within the time specified with Rule 6.1(d) shall constitute a waiver of the right thereafter to filed such a brief or response except upon a showing of excusable neglect. . . . If a respondent fails to file a response within the time required by Rule 6.1(d) the motion will be considered and decided as an uncontested motion, and ordinarily will be granted without further notice."[2]

### A. Motion for Extension of Time (Doc. 10).

As to plaintiff's Motion for Extension of [sic] Response to the Two Motions Filed by Eric F. Melgren, United State[s] of America Attorney on February 11, 2008 (Doc. 10) the court deems plaintiff's response to defendant's Motion to Strike (Doc. 12) timely. Defendant has not responded to the instant motion and as a result the court finds no reason to not grant plaintiff's request. Furthermore, plaintiff had twenty-three days to file a response to defendants' Motion to Dismiss (Doc. 8) and plaintiff's response to defendant's Motion to Dismiss (Doc. 11) was filed within that time period.

### B. Motion for Notification by Email and Fax of any Filing of New Documents with the US Court Clerk (Doc. 13).

Plaintiff's motion states, in part: "The pro se plaintiff finds himself in a clearly

---

[1] D. Kan. Rule 6.1(d)(1)("Responses to nondispositive motions . . . shall be filed and served within 14 days").

[2] D. Kan. Rule 7.4.

disadvantageous state because he has only 20 days to respond to defendant's motions but the notification process is done by mail which takes a long time." As an example of this prejudice, plaintiff contends that as to one of defendant's motions filed February 11, 2008, the postmark on the envelope reveals that it was not sent to him by mail until February 13, 2008.

Upon consultation with the Clerk's Office, the court will allow plaintiff to receive notification by electronic mail of filings in the above-referenced case. However, in granting plaintiff's motion, the court will also require plaintiff to (1) maintain the email address provided to the court and (2) waive the right to receive a paper copy of documents filed by either the defendant or the court.

### C.     Motion to Change Original Petition (Doc. 14).

Plaintiff's motion states: "During the process of litigation, the plaintiff had learned that some of his original petition claims are irrelevant to the subject matter as the plaintiff could not sue for 'discretionary action' of US officials. In order to make to [sic] petition clearer and focus on legal issues, the plaintiff would like [sic] get permission of the US court to edit his original petition." The court construes this motion as a motion to amend plaintiff's complaint.

Fed. R. Civ. P. 15 governs the procedure for amending the pleadings. Rule 15(a) states, in pertinent part, that "[A] party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served" or after a responsive pleading has been served "a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires."[3]

Here, defendant has not filed an answer, but rather has filed a Motion to Dismiss (Doc. 8).

---

[3]Fed. R. Civ. P. 15(a).

Under Rule 15(a), "[t]he 'responsive pleading' contemplates a substantive response to the allegations in the complaint. A motion to dismiss, for example, does not cut off a plaintiff's right to amend without leave of court."[4] However, in some instances a motion to dismiss can be construed a responsive pleading. While "[o]rdinarily, a motion to dismiss is not deemed a responsive pleading", a "motion to dismiss is treated like a responsive pleading when final judgment is entered before plaintiff files an amended complaint."[5]

Here, because final judgment had not been entered before plaintiff sought to file his amended complaint, defendant's motion to dismiss is not considered a responsive pleading. As a result, plaintiff is entitled to file an amended complaint once as a matter of course and need not seek leave from the court.

However, even if defendant's motion to dismiss was construed as a responsive pleading, in this instance the court would still "freely give" plaintiff the right amend his complaint. In considering whether to grant leave to amend, the court evaluates several factors including whether the amendment will cause undue delay or prejudice to the non-moving party.[6]

Considering that defendant does not appear to oppose the relief plaintiff seeks, the court finds allowing plaintiff to amend his complaint would not cause defendant any prejudice. Furthermore, considering discovery has yet to commence, allowing plaintiff to amend his complaint at this time would not cause undue delay to these proceedings.

---

[4] *Am. Bush v. City of South Salt Lake*, 42 Fed. Appx. 308, No. 01-4121 & 01-4122, 2002 U.S. App. LEXIS 13397 at * 5 (10th Cir. July 5, 2002).

[5] *Grahm v. Prudential Home Mortg. Co.*, 186 F.R.D. 651, 654 n.2 (D. Kan. 1999) (citation omitted).

[6] *Little v. Reed-Prentice Div. Of Package Mach. Co.*, 131 F.R.D. 591, 593 (D. Kan. 1990) (citations omitted).

While plaintiff does not need the court's permission in this instance to amend his complaint, out of an abundance of caution, and for clarity of the record, the court grants plaintiff's motion.

**D.    Motion for Starting the Process of Serving Summonses to the United State[s] of America (Doc. 15).**

Plaintiff's motion states:

In his previous motion the plaintiff argued that the US district attorney already knows about the petition, as Eric F. Melgren, US attorney, moved the case from the 3 district court to the US District Court on January 3, 2008.  The plaintiff doubts that at this point procedural process such as serving summonses has any meanings. . . .

[T]he plaintiff received . . . a pro se booklet from the US court, in which he had learned that he has up to 120 days from the day of filing the case with the court to serve the defendant. In order to remove any possible obstacles, the plaintiff will start with the court permission, the process of serving the defendant, even though, the plaintiff believes it is unnecessary.

The summons would be sent to:

> 1)Office of the Attorney General, Washington D.D. [sic]
> 2)United State[s] Attorney, Topeka, KS
> 3) Secretary of Veteran Affairs[7]

The court notes defendant bases its Motion to Dismiss, in part, on insufficiency of service.[8]  The court also notes that the Clerk's office has issued Summons as to the Secretary of Veteran Affairs, the U.S. Attorney and U.S. Attorney General.[9]  The court has no comment on the sufficiency of plaintiff's previous service, or the fact that Summons have now been issued and the impact that might have on defendant's Motion to Dismiss or the case as a whole.  Indeed, it is not clear that plaintiff needs and/or should seek the court's permission regarding service of defendant.  Plaintiff is free to attempt to serve defendant without receiving permission from the court, and as a result, the

---

[7]Motion (Doc. 15).

[8]Motion to Dismiss (Doc. 8) at p. 7-8.

[9]*See* Clerk's docket entry on March 6, 2008.

court finds plaintiff's motion moot.  However, plaintiff should familiarize himself with the Federal Rules of Civil Procedure, particularly Rule 4, in order to timely and properly abide by the court's necessary procedures regarding service of process.

IT IS THEREFORE ORDERED that plaintiff's Motion for Discovery (Doc. 7) is denied without prejudice.  Defendant's Motion to Strike plaintiff's Motion for Discovery (Doc. 9) is denied as moot.

IT IS FURTHER ORDERED that plaintiff's Motion for Extension of Response to the Two Motions Filed by Eric F. Melgren, United State[s] of America Attorney on February 11, 2008 (Doc. 10) is granted.

IT IS FURTHER ORDERED that plaintiff's Motion for Notification by Email and Fax of Filing of New Documents with the US Court Clerk (Doc. 13) is granted in part and denied in part. Plaintiff can receive notification of filings via email, but not by fax. The Clerk's Office is directed to include plaintiff's email address, [eitansobel@hotmail.com](mailto:eitansobel@hotmail.com), on the docket and shall take the steps necessary to allow plaintiff to receive notification of filings in this case via email.   Plaintiff shall maintain the email address provided to the court and shall not receive a paper copy of documents filed by either the defendant or the court.  It is plaintiff's sole responsibility to maintain his email account and information technology equipment.

IT IS FURTHER ORDERED that plaintiff's  Motion to Change Original Petition (Doc. 14) is granted.

IT IS FURTHER ORDERED that plaintiff's Motion for Starting the Process of Serving Summonses to the United State[s] of America (Doc. 15) is denied as moot.

IT IS SO ORDERED.

Dated this 27th day of March, 2008, at Topeka, Kansas.

<u>K. Gary Sebelius</u>
K. Gary Sebelius
U.S. Magistrate Judge
