IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

EITAN SOBEL, M.D.,

       Plaintiff,

vs.                                                    No. 08-4001-SAC

UNITED STATES OF AMERICA,

       Defendant.


MEMORANDUM AND ORDER

    This case comes before the court on plaintiff's motion for entry of default, and on defendant's motion to dismiss. The plaintiff is a physician who brings suit pursuant to the Federal Tort Claims Act, alleging negligence in a report by the VA Hospital to the National Practitioner Data Bank (NPDB) which found him responsible for the death of a patient.

**Background**

    Plaintiff is a hospitalist who has practiced medicine since 1987. In 2003, he was employed as a physician at the Colmery-O'Neill Veteran's Administration Hospital in Topeka, Kansas. In November of that year, one of plaintiff's patients died after plaintiff conducted a procedure on her. The

patient's family sued the V.A. Hospital, which investigated the matter and settled the case over plaintiff's objections. Plaintiff agrees that the patient's "death occurred as a result of the procedure." Dk. 17, p. 2. Plaintiff does not believe, however, that her death occurred as a result of medical malpractice, noting the coroner's opinion that the complication "was very unusual and could not have been prevented or predicted." *Id.*

The V.A. Hospital's internal investigation named the plaintiff as the responsible practitioner for the patient's death. The VA reported the settlement payment to the NPDB, as required. *See* 42 U.S.C. § 11131(a). The NPDB was established through the Healthcare Quality Improvement Act (HCQIA) of 1986, which was enacted "to improve the quality of health care and to reduce the number of incompetent physicians." *Hancock v. Blue Cross-Blue Shield of Kansas, Inc.*, 21 F.3d 373, 374 (10th Cir.1994). *See* 42 U.S.C. § 11101. "The NPDB is a reporting agency established by Congress to "restrict the ability of incompetent physicians to move from State to State without disclosure or discovery of the physician's previous damaging or incompetent performance." *Lee v. Hospital Authority of Colquitt County*, 353 F.Supp.2d 1255, 1260 (M.D.Ga. 2004).

As a result of the report, plaintiff is required to reveal the occurrence

in every application to any hospital at which he requests privileges, on job applications, state medical license applications, board applications, and to training agencies and malpractice insurance agencies. Plaintiff's amended complaint alleges that negligent acts of the peer review committee in its investigation and the negligent report to the NPDB will cause him future lost income, future damage to his reputation, and the future out of pocket expense of higher medical malpractice insurance premiums. In addition to monetary damages, the amended complaint seeks injunctive relief or mandamus by requesting the Court to instruct the defendant to remove its report to the NPDB which found plaintiff to be the responsible practitioner for the death of the patient.

This court's jurisdiction is based upon the Federal Tort Claims Act (FTCA), the "exclusive remedy" for torts by government employees acting within the scope of their duties. *United States v. Smith*, 499 U.S. 160, 166, 111 S.Ct. 1180, 1185, 113 L.Ed.2d 134 (1991).

**Motion for default**

Plaintiff moves for entry of default, asserting that the defendant has failed to answer or otherwise plead within the requisite time. The defendant opposes the motion.

The controlling facts are not in dispute. Plaintiff filed his amended complaint on April 4th, and mailed a summons to defendant by certified mail. The summons states that the defendant is "required to serve on plaintiff's attorney...an answer to the complaint which is served on you with this summons within 60 days after service of this summons on you, exclusive of the day of service."  Dk. 21, Exh. 3. Plaintiff filed his motion for default on June 4th, the 61st day after April 4th. The defendant filed its response to plaintiff's amended complaint, the present motion to dismiss, on June 5th.

Defendant correctly cites the applicable "counting" rules, not reflected on the face of the summons, and likely not known to plaintiff who is acting *pro se. See* Fed. R. Civ. Pro. 4, 5, 6. Those rules serve to extend the 60-day period and thus permit the defendant to have timely filed its motion to dismiss, in response to plaintiff's amended complaint, on June 5th. Plaintiff's motion for entry of default shall thus be denied.

**Motion to dismiss**

The government's motion to dismiss asserts lack of subject matter jurisdiction, pursuant to Fed.R.Civ.P. 12 (b)(1). The party invoking the jurisdiction of the federal court has the duty to establish that federal

4

jurisdiction exists. *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir.1974). Because the courts of the United States are courts of limited jurisdiction, there is a strong presumption against federal jurisdiction. *Id.*

The motion contends that plaintiff has failed to exhaust his administrative remedies under the FTCA, that the court lacks jurisdiction under the FTCA to issue injunctive or mandamus relief, and that plaintiff's claims fall within FTCA exceptions for: 1) libel, slander, or defamation, and 2) interference with contractual rights, and 3) discretionary functions. *See* 28 U.S.C. § 2680(h); § 2680(a). In response to the government's motion,[1] the plaintiff concedes that any claims for libel, slander, defamation, or interference with contractual rights are subject to dismissal, as is his claim for injunctive or mandamus relief.[2] Accordingly, the court addresses the issues of exhaustion and the discretionary function exception.

**Exhaustion**

_____

[1]The Court views Docket 22, which plaintiff styled as a "motion to strike," solely as plaintiff's response to defendant's motion to dismiss. To the extent plaintiff intended this document to be a motion to strike, it is denied.

[2]Plaintiff contends, however, that he has made no defamation claim and that the gravamen of his complaint is negligence.

The government first contends that plaintiff has failed to exhaust his administrative remedies. Plaintiff responds that he has done all he could, both through the VA Hospital, and through the U.S. Department of Health and Human Services (HHS) which administers the NPDB.

The FTCA constitutes a limited waiver of the federal government's sovereign immunity from private suit. *See* 28 U.S.C. § 1346(b); *Estate of Trentadue ex rel. Aguilar v. United States,* 397 F.3d 840, 852 (10th Cir. 2005). It imposes a jurisdictional bar against claims brought before the exhaustion of administrative remedies. 28 U.S.C. § 2675(a); *Duplan v. Harper*, 188 F.3d 1195, 1199 (10th Cir.1999). *See* 28 U.S.C. § 2675(a); *Bradley v. United States ex rel. Veterans Admin.*, 951 F.2d 268, 270 (10th Cir.1991).

Plaintiff, as a physician who is the subject of a NPDB report, disputed the challenged report through HHS.  A letter from the Secretary of the HHS shows it received plaintiff's request for review of the report filed concerning him with the NPDB, and reviewed his case.  Dk. 6, Exh. 2, p. 8. Plaintiff asserts that the dispute was fully and finally denied by the Secretary, Dk. 22, p. 2, quoting convincingly from the Secretary's final decision which held that plaintiff's claims were beyond the scope of its

6

review, and that only the VA could void the report or remove his name from it. Dk. 22, p. 2-3. This court is not aware of any other administrative steps the plaintiff could have taken with HHS, once it informed plaintiff that his dispute was beyond the scope of the Secretary's review.

Plaintiff's amended complaint additionally shows that plaintiff took steps to challenge the report within the VA. Plaintiff asserts that when he received an adverse report from the VA's review panel [the Medical Legal Affairs Committee], he appealed the committee's decision to Dr. John B. Grippi, M.D. Thereafter, a reconsideration was conducted, which affirmed the decision of the peer review panel by letter to plaintiff dated August 22, 2007. Nothing in the record shows, and the government does not suggest, that plaintiff was noticed of another avenue of appeal then available to him within the VA. Thus plaintiff's amended petition is sufficient to make a prima facie case of exhaustion.

The government has not adequately rebutted plaintiff's showing. Although the government generically contends that plaintiff did not exhaust his administrative remedies, the government does not inform the court what more the plaintiff should have done or where he should have done it. Based upon the facially sufficient assertions in the pleadings and the

government's failure to present a more satisfactory showing of the facts indicating the specific administrative route plaintiff failed to take, the court declines to dismiss on this ground.

**Discretionary function exception**

The government additionally contends that plaintiff's claims fall within the discretionary function exception to the FTCA. If a claim against the government falls within an exception to the FTCA, the cause of action must be dismissed for want of federal subject matter jurisdiction. *See Dalehite v. United States*, 346 U.S. 15, 31, 73 S.Ct. 956, 97 L.Ed. 1427 (1953); Tippett v. United States, 108 F.3d 1194, 1196 (10th Cir.1997). This "discretionary function exception poses a jurisdictional prerequisite to suit, which the plaintiff must ultimately meet as part of his overall burden to establish subject matter jurisdiction." *Aragon v. United States*, 146 F.3d 819, 823 (10th Cir.1998) (quotations omitted).

The "discretionary function exception" excepts "[a]ny claim based upon ... the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused." Section 2680(a). To determine whether conduct falls within the

8

discretionary function exception, the Court applies a two-part test:

> First, we ascertain the precise governmental conduct at issue and
> consider whether that conduct was "discretionary," meaning whether
> it was "a matter of judgment or choice for the acting employee."
> *Berkovitz*, 486 U.S. at 536. Conduct is not discretionary if "a federal
> statute, regulation, or policy specifically prescribes a course of action
> for an employee to follow. In this event, the employee has no rightful
> option but to adhere to the directive." *Id.*
>
> If the first element of the *Berkovitz* test is satisfied, we then
> consider the second element-whether the decision in question is one
> requiring the exercise of judgment based on considerations of public
> policy. *Id.* at 536-37. In so doing, we do not consider the employee's
> "subjective intent in exercising the discretion conferred by statute or
> regulation, but on the nature of the actions taken and on whether
> they are susceptible to policy analysis." *United States v. Gaubert*, 499
> U.S. 315, 325 (1991).  *Garcia v. U.S. Air Force*, __ F.3d __, 2008 WL
> 2736661, 4 (10th Cir. 2008).

Plaintiff claims that the VA had a non-discretionary duty to review the
medical records as part of its investigation prior to making such a report,

9

but failed to do so. *See Sydnes v. United States*, 523 F.3d 1179, 1185 (10th Cir. 2008). In support of this claim, plaintiff relies on a policy, found in the VA Handbook 1100.17, "National Practitioner Data Bank Reports," Nov. 13, 2002, § 5, "Malpractice Payments Review Process." This policy: 1) requires the facility Director to provide the documents pertinent to the care that lead to the claim to Director, Office of Medical-Legal Affairs; 2) requires all panel members to review all specified cases and/or claims; 3) requires the conclusions of the review body to be based on review of documents pertinent to the case and/or claim; and 4) defines those documents to include "medical records of the patient whose care lead to the claim, any reports of an administrative investigation appointed to investigate the care, and any other information associated with the care that lead to the claim." Dk. 22, p. 6-7.

The government does not contend that the above quoted procedure is inapplicable. Instead, it asks the court to ignore the policy because it is outside the pleadings. Dk. 25, p. 5. However, a motion to dismiss pursuant to Rule 12(b)(1) allows the district court to rely on evidence outside the pleadings without converting the motion to a motion for summary judgment. *See Davis ex rel. Davis*, 343 F.3d at 1296. Where a factual attack is made

10

on the court's jurisdiction, "the court must look beyond the complaint and has wide discretion to allow documentary and even testimonial evidence under Rule 12(b)(1)." *Paper, Allied-Industrial, Chemical And Energy Workers Intern. Union v. Continental Carbon Co.,* 428 F.3d 1285, 1292 (10th Cir. 2005), quoting *Holt v. United States*, 46 F.3d 1000, 1002-03 (10th Cir.1995).[3]

The Court agrees that the policy cited above prescribes a specific, mandatory course of conduct to the extent it requires the review panel to base its conclusions on its review of documents pertinent to the case, including the patient's medical records. Plaintiff surmises that the review panel members failed to review the medical records of the patient whose care lead to the claim because the panel's report repeatedly notes the absence of any informed consent, which consent plaintiff knows was in the patient's file. Dk. 17. The court believes the opposite inference is reasonable - that the review panel could not have found that the informed consent was not in the file without having reviewed the patient's file. Thus no reasonable inference has been raised that the review panel deviated

---

[3]Resolution of this jurisdictional issue in not so intertwined with the merits as to require this Court to convert the government's 12(b)(1) motion into a Rule 12(b)(6) motion or a Rule 56 motion for summary judgment. *See Holt*, 46 F.3d at 1003.

from the VA policy cited by plaintiff. Plaintiff additionally asserts that a third party and not the review panel members must have reviewed the file, but this is merely speculative and conclusory.

Plaintiff's other claims allege negligent performance of the investigation by the review panel. Specifically, plaintiff claims that the review panel committed factual error in finding no informed consent, and ignored facts favorable to him. These claims are barred by the discretionary function exception because they involve matters of the panel's judgment or choice in determining how to conduct their investigation and which substantive conclusion to reach. *See Barnson v. United States*, 816 F.2d 549, 553 (10th Cir.), *cert. denied*, 484 U.S. 896 (1987) (discretionary function exception applies when discretionary acts are negligent); *Hodby v. United States*, 968 F.2d 20 (10th Cir.1992), 1992 WL 149871, 2 (10th Cir. 1992) (finding claim of negligent performance of an investigation barred by discretionary function exception). The court, giving a reasonable inference to the allegations in the amended complaint, finds that the plaintiff has failed to sufficiently plead facts which would support a finding that the conduct of the review panel fell outside the scope of the discretionary function exception.

**HCQIA Immunity**

An additional reason compels dismissal of this case. Under HCQIA, a professional review body (including a hospital), its members, its staff, and others under contract with it are immune from damages liability with respect to the body's actions. *See* 42 U.S.C. § 11111(a)(1). In order for this immunity to apply, the professional review action must only satisfy certain standards of fairness and reasonableness. *See* 42 U.S.C. § 11112(a). Significantly, the statute provides that "[a] professional review action shall be presumed to have met the ... standards necessary ... unless the presumption is rebutted by a preponderance of the evidence." *Id. See Brown v. Presbyterian Healthcare Servs.*,101 F.3d 1324, 1334 (10th Cir.1996); 42 U.S.C. §§ 11111, 11112, 1137. The presumption of immunity underscores that the role of federal courts on 'review of such actions is not to substitute our judgment for that of the hospital's governing board or to reweigh the evidence regarding the renewal or termination of medical staff privileges.' " *Bryan v. James E. Holmes Regional Medical Center*, 33 F.3d 1318, 1337 (11th Cir. 1994) (quoting *Shahawy v. Harrison*, 875 F.2d 1529, 1533 (11th Cir.1989)).

Plaintiff's claims are all couched in terms of negligence or gross

negligence and are insufficient to overcome the presumption against defendant's liability contained in 42 U.S.C. § 11111. *See* 42 U.S.C. § 11112(a).  Because the amended complaint fails to state any facts alleging that the defendant did not comply with these procedural due process requirements, plaintiff has failed to rebut the statutory presumption that these requirements have been met.

IT IS THEREFORE ORDERED that plaintiff's motion for entry of default (Dk. 19) is denied, and that plaintiff's motion to strike (Dk. 22) is denied.

IT IS FURTHER ORDERED that defendant's motion to dismiss (Dk. 20) is granted.

Dated at Topeka, Kansas, this 31st day of July, 2008.

s/ Sam A. Crow
Sam A. Crow, U.S. District Senior Judge

14