IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

EITAN SOBEL, M.D.,

    Plaintiff,

vs.                                                   No. 08-4001-SAC

UNITED STATES OF AMERICA,

    Defendant.

**MEMORANDUM AND ORDER**

    This case comes before the court on plaintiff's motion to reconsider. The defendant has not responded. Plaintiff contends that the review panel made a "serious factual error," that discovery is necessary for him to prove his contentions, that all inferences should be construed in his favor, and that the award of costs should be removed.

    Filed within ten days of the entry of judgment, plaintiff's motion to reconsider is treated as a motion to alter and amend pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. Grounds warranting a Rule 59(e) motion include "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Servants of Paraclete v. Does*, 204 F.3d 1005,

1012 (10th Cir.2000). Thus, this motion to reconsider is appropriate only if the court has misapprehended the facts, a party's position or the controlling law. The court is mindful that a motion to reconsider "is not a second chance for the losing party to make its strongest case or to dress up arguments that previously failed." *Voelkel v. Gen. Motors Corp.*, 846 F.Supp. 1482, 1483 (D.Kan.), *aff'd*, 43 F.3d 1484 (10th Cir.1994). Nor is it "appropriate to revisit issues already addressed or to advance arguments that could have been raised in prior briefing." *Servants of Paraclete*, 204 F.3d at 1012 (citation omitted).

Plaintiff relies on outdated and irrelevant law relative to motions to dismiss brought pursuant to 12(b)(6). *Compare Conley v, Gibson*, 355 U.S. 41. 45-46 (1957) *with Bell Atlantic Corp. v. Twombly*, 550 U.S. ----, ----, 127 S.Ct. 1955, 1965, 167 L.Ed.2d 929 (2007) (To survive a motion to dismiss, a complaint must present factual allegations, assumed to be true, that "raise a right to relief above the speculative level" and must contain "enough facts to state a claim to relief that is plausible on its face."). Defendant's motion in this case was not brought pursuant to Rule 12(b)(6), but was instead brought solely pursuant to Rule 12(b)(1), asserting lack of subject matter jurisdiction.

Plaintiff's arguments in his motion to reconsider do not allege a change in the controlling law, new evidence that was previously unavailable, clear error or manifest injustice. Plaintiff does not contend that he was denied procedural due process or that the review panel acted in bad faith. Having reviewed the case in light of plaintiff's motion to dismiss, the court finds no basis for reconsideration.

IT IS THEREFORE ORDERED that plaintiff's motion to reconsider (Dk. 29) is denied.

Dated at Topeka, Kansas, this 10th day of September, 2008.

s/ Sam A. Crow
Sam A. Crow, U.S. District Senior Judge